# IN THE UNITED STATES DISTRICT COURT FOR THE0
# NORTHERN DISTRICT OF WEST VIRGINIA

**MONTGOMERY CARL AKERS,**

    **Plaintiff,**

**v.**                                                              **Civil Action No. 1:12cv29**
                                                            **(Judge Keeley)**

**LESLIE S. SMITH, ACRUIT,**
**KATHERINE SIEREVELD,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On February 13, 2012, the plaintiff, Montgomery Akers, an inmate in the United States Penitentiary in Marion, Illinois, filed this *pro se* action complaining of alleged violations of his constitutional rights. He has submitted a Motion for Leave to Proceed *in forma pauperis* together with a Prisoner Trust Account Statement and a consent to collection.

The PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plaintiff has filed three or more prior cases in federal courts that have been dismissed

as frivolous or failing to state a claim. See Ackers v. Daniel, No. 09-cv-02840-PAB, slip op. At 2 (D. Colo. Jan. 5, 2010)(citing Akers v. Crow, No. 09-2064, 2009 WL 2668906 (10th Cir. Aug. 28, 2009)(affirming dismissal of district court action as frivolous under § 1915(g)); Akers v. Martin, 227 F. App'x 721 (10th Cir. 2007)(affirming dismissal of district court action for failure to state claim pursuant to 29 U.S.C. § 1915A); Akers v. Vratil, No. 05-3090-GTV (D.Kan. Mar. 25, 2005)(Dismissing complaint against federal judge and prosecutor pursuant to 28 U.S.C. § 1915A(a) and (b)).

     As set forth above, the plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." In his complaint, the plaintiff alleges that the defendants, all employed with the Federal Bureau of Prisons in Martinsburg, West Virginia, have violated his First, Fourth, Sixth and Eighth Amendment rights by engaging in a course of action to deny him access to the courts, his finances, his attorney, and his friends and family in the community. The plaintiff further alleges that the named defendants contact the staff USP Marion, where he is currently incarcerated, and "innact [sic] some unconstitutionally oppressive action or function against him, which includes writing bogust [sic] incident reports, deprivation of medical and dental treatment, interference with his incoming and outgoing legal, social, and emails, and then placing him in the 'special housing unit' with diminished food rations and delays in his incoming and outgoing mail even further." (Dckt.# 1, p. 2) The plaintiff seeks compensatory, punitive, and special damages.

     The plaintiff makes no specific allegation that he is imminent danger of serious bodily

injury. Furthermore, to the extent the plaintiff's complaint can be read to raise claims that he faces conditions which could prove harmful to his physical well being, this Court is without jurisdiction to hear those claims by virtue of the plaintiff's incarceration at the United States Penitentiary in Marion, Illinois. Moreover, the undersigned finds the plaintiff's claims irrational and wholly incredible.

For the reasons stated above, it is hereby **RECOMMENDED** that the petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be **DENIED** and his complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

Within fourteen days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff, by certified mail, return receipt requested, to his last known address as reflected on the

docket sheet.

DATED: February 15, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE